ELIZABETH W. LUND
BERG LILLY, PC
1 West Main Street
Bozeman, MT 59715
406-587-3181 – telephone
406-587-3240 – fax
lund@berglawfirm.com
  *Attorneys for Indemnity Insurance Company of North America*

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, | ) ) ) ) | Cause No. |
| Plaintiff, | ) ) | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| v. | ) ) | |
| JANE KEMBLE DUNBAR | ) ) | |
| Defendant | ) | |

For its Complaint for Declaratory Judgment, Plaintiff Indemnity Insurance Company of North America ("IICNA") pleads, avers, and alleges as follows:

## BACKGROUND

1. This is a declaratory judgment action in which IICNA respectfully requests the Court to declare IICNA's obligations with respect to three claims currently pending before the Montana Department of Labor & Industry, Human Rights Bureau, State of Montana ("HRB") against IICNA's insured Jane Kemble

1

Dunbar ("Dunbar").

2. IICNA issued Policy No. FO-263118 to the Jane Kemble Dunbar Living Trust and Jane Kemble Dunbar (the "Policy").

3. A true and correct copy of the Policy is attached as **Exhibit A**.

4. Dunbar has been named as a defendant in three different complaints currently pending in front of the HRB which are detailed in the following paragraphs and are collectively referred to as the "Lawsuits".

5. Dunbar has been named as a defendant in the *Molly Trocha v. Jane Dunbar and Annette Rinaldo* matter, filed as HRB Cause No. Cause No. 0230344 ("Trocha Lawsuit"). A true and correct copy of the Complaint filed in the Trocha Lawsuit is attached as **Exhibit B** and is referred to as the "Trocha Complaint."

6. Dunbar has been named as a defendant in the *Lane Schenderline v. Jane Dunbar and Annette Rinaldo* matter, filed as HRB Cause No. 0230343 ("Schenderline Lawsuit"). A true and correct copy of the Complaint filed in the Schenderline Lawsuit is attached as **Exhibit C** and is referred to as the "Schenderline Complaint."

7. Dunbar has been named as a defendant in the *Amy Peterson v. Jane Dunbar and Annette Rinaldo* matter, filed with the HRB as Cause No. 0230342 ("Peterson Lawsuit"). A true and correct copy of the Complaint filed in the Peterson Lawsuit is attached as **Exhibit D** and is referred to as the "Peterson

Complaint."

8. The Trocha Complaint, the Peterson Complaint, and the Schenderline Complaint are collectively referred to as the Complaints.

9. Dunbar has demanded that IICNA provide her with a legal defense and indemnification for each of the Lawsuits.

10. As set forth below, IICNA respectfully requests this Court declare IICNA's rights and duties to Dunbar in the Lawsuits.

## PARTIES AND JURISDICTION

11. IICNA is a Pennsylvania insurance company with its principal place of business located in Pennsylvania. Therefore, it qualifies as a citizen of Pennsylvania for purposes of diversity jurisdiction.

12. On information and belief, Jane Dunbar is a resident of Big Horn County and is a citizen of Montana.

13. Thus, IICNA is diverse from the other Defendant for purposes of 28 U.S.C. 1332(a)(1) jurisdiction.

14. This Court has personal jurisdiction over Dunbar because she is a citizen of Montana.

15. This Court has original jurisdiction over this Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000

exclusive of interest and costs.

16. IICNA has a good faith basis to believe the amount in controversy exceeds $75,000 exclusive of interest and costs, because of the nature and extent of the damages asserted against Dunbar in the Lawsuits and for which IICNA requests this Court to determine IICNA is not responsible for. Further, IICNA's expenditures on defense fees and costs are expected to be substantial as well, and may also exceed the jurisdictional amount in controversy requirement.

17. Venue is proper in this Court pursuant to L.R. 3.2(b) because the Lawsuits upon which this Complaint for Declaratory Relief are based are venued in the Montana Department of Labor & Industry, Human Rights Bureau, State of Montana which is located in the First Judicial District, Lewis and Clark County.

18. Venue in the Helena Division is proper because Lewis and Clark County is within the Helena Division pursuant to L.R. 1.2(c)(4).

## FACTS: THE TROCHA & PETERSON LAWSUITS

19. IICNA reincorporates and realleges the allegations contained in the previous paragraphs as though fully realleged and re-set forth herein.

20. Molly Trocha ("Trocha") and Amy Peterson ("Peterson") filed their respective Complaints with the HRB on or about July 28, 2023.

21. Trocha and Peterson claim that they were each employees of Dunbar starting around January of 2021.

22. They claim that during their employment with Dunbar, Peterson and Trocha were subjected to inappropriate comments that were harmful to them, or were sexual in nature, about themselves and their family members.

23. Trocha and Peterson allege that Dunbar made them play "dress up."

24. Trocha and Peterson allege that Dunbar exposed herself to them and made inappropriate sexual gestures to Trocha and Peterson, including touching in the case of Trocha.

25. Trocha and Peterson claim that Dunbar became inappropriately concerned with Peterson's weight.

26. Trocha and Peterson claim they felt trapped by the "golden handcuffs" of their employment with Dunbar.

27. Trocha has brought claims for: (1) discrimination on the basis of sex (sexual harassment), (2) discrimination on the basis of sex (sexual assault), and (3) retaliation. Trocha claims entitlement to a finding that Dunbar engaged in sexual harassment and assault and retaliated against her for exercising her rights under the Montana Human Rights Act. She demands an award of damages sufficient to make her whole and punish Dunbar for the discriminatory conduct and discourage such conduct in the future. She also demands attorney's fees or alternatively, a Mont. Code Ann. Sec. 49-2-505(8) finding that she is the prevailing party.

28. Peterson has brought claims for: (1) discrimination on the basis of sex,

and (2) retaliation. Peterson claims entitlement to a finding that Dunbar engaged in sexual harassment and retaliated against her for exercising her rights under the Montana Human Rights Act. She demands an award of damages sufficient to make her whole and punish Dunbar for the discriminatory conduct and discourage such conduct in the future. She also demands attorney's fees or alternatively, a Mont. Code Ann. Sec. 49-2-505(8) finding that she is the prevailing party.

29. Dunbar tendered defense and indemnity of the Peterson Lawsuit and the Trocha Lawsuit to IICNA.

30. IICNA is defending Dunbar under a reservation of rights pursuant to Montana law in both the Peterson Lawsuit and the Trocha Lawsuit.

31. IICNA has issued Dunbar reservation of rights letters dated September 27, 2023 for the Trocha Lawsuit and the Peterson Lawsuit.

32. A true and correct copy of the reservation of rights letter issued to Dunbar related to the Trocha Lawsuit is attached as **Exhibit E**.

33. A true and correct copy of the reservation of rights letter issued to Dunbar related to the Peterson Lawsuit is attached as **Exhibit F**.

34. IICNA issued a subsequent reservation of rights letter on October 11, 2023, which is attached as **Exhibit G**, which supplements the September 27, 2023 letters for the Trocha Lawsuit and the Peterson Lawsuit.

//

## FACTS: THE SCHENDERLINE LAWSUIT

35. IICNA reincorporates and realleges the allegations contained in the previous paragraphs as though fully realleged and re-set forth herein.

36. Lane Schenderline ("Schenderline") filed the Schenderline Complaint with the HRB on or about July 28, 2023.

37. In the Schenderline Complaint, Schenderline claims a variety of allegedly tortuous conduct was perpetrated by Dunbar while Dunbar employed Schenderline and his two daughters, Peterson and Trocha.

38. Schenderline claims that Dunbar first approached him about working for her approximately fifteen years ago.

39. Schenderline claims Dunbar required Schenderline and his wife to sell their existing business in order to work for Dunbar.

40. Schenderline claims he was forced to move into housing at Dunbar's ranch and Dunbar began to behave in a sexually aggressive manner towards him. Schenderline alleges that he felt he needed to accept Dunbar's advances in order to keep his job.

41. Schenderline asserts a pattern of behavior in which Dunbar acted in a sexually inappropriate manner with him over the years. This included allegedly inappropriate sexual comments, inappropriate sexual touching, requiring Schenderline to touch sex toys belonging to Dunbar, complaints about sexual

7

relations with Schenderline, sexual acts, and sexual propositions.

42.     Schenderline claims he was placed on leave in March of 2023. He claims that for many years he had felt trapped by the "golden handcuffs" of Dunbar's employment.

43.     Schenderline has brought claims for (1) discrimination on the basis of sex (sexual harassment), (2) discrimination on the basis of sex (sexual assault), and (3) retaliation.

44.     Dunbar tendered her defense and indemnity of the Schenderline Lawsuit to IICNA.

45.     IICNA is defending Dunbar pursuant to Montana law for the allegations in the Schenderline Lawsuit and has issued Dunbar a reservation of right letters dated September 27, 2023 for the Schenderline Lawsuit.

46.     A true and correct copy of the reservation of rights letter issued to Dunbar related to the Schenderline Lawsuit is attached as **Exhibit H**.

47.     IICNA issued a subsequent reservation of rights letter on October 11, 2023, which is attached as **Exhibit G**, which supplements the September 27, 2023 letter for the Schenderline Lawsuit.

### THE TERMS AND CONDITIONS OF THE POLICY & PRECLUSION OF COVERAGE: COVERAGE H

48.     IICNA reincorporates and realleges the allegations contained in the

previous paragraphs as though fully realleged and re-set forth herein.

49. The Policy provides Bodily Injury and Property Damage Liability Coverage (Coverage H) subject to the terms and conditions of the Policy.

50. There is no duty to defend or indemnify Dunbar for the claims in the Lawsuits because the claims do not trigger the provisions of the insuring agreement. Specifically, no qualifying "bodily injury" or "property damage" has been asserted which was caused by an "occurrence" in any of the Lawsuits.

51. Additionally, the claims against Dunbar in each of the Lawsuits do not qualify as a "suit" as required by the insuring agreement of the Policy because they were filed in the HRB.

52. Further, to the extent that there is any coverage, IICNA only started insuring Dunbar on August 22, 2022. There is no obligation on the part of IICNA to defend or indemnify Dunbar for conduct which occurred prior to the inception of the Policy's policy period.

53. To the extent there is coverage under the Policy's insuring agreement, exclusions to coverage apply under the circumstances and excuse any duty on the part of IICNA to defend or indemnify Dunbar for the claims in the Lawsuits under Coverage H.

54. Specifically, the Expected or Intended Injury (Exclusion a) precludes coverage because Dunbar's actions, as alleged by Trocha, Schenderline, and

Peterson, would reasonably have been expected to cause damage under the circumstances.

55. Additionally, Exclusion o, the Employer's Liability Exclusion, precludes coverage if Trocha, Peterson, or Schenderline are not determined to qualify as "residence employees."

56. Further, the Sexual Molestation, Corporal Punishment Or Physical Or Mental Abuse Exclusion (Exclusion w), precludes coverage because the Complaints asserts sexual abuse and/or physical or mental abuse. This is the conduct that Exclusion w precludes coverage for.

57. The Policy also precludes coverage for the claims in the Complaints if Coverage I is implicated. Specifically, Exclusion y, the "Personal Injury" Exclusion provides there is no coverage in Coverage H for "'bodily injury' arising out of 'personal injury'". This means that if there is coverage under Coverage I, there is no coverage under Coverage H.

58. Finally, the Policy includes an Employment-Related Practices Exclusion in an endorsement to Coverage H. This exclusion precludes coverage for the claims in the Lawsuits because of Trocha, Peterson, and Schenderline's respective status as employees and because the claims asserted in the Complaints arise out of that employment relationship. Additionally, the conduct asserted falls within the exclusionary language.

## THE TERMS AND CONDITIONS OF THE POLICY & PRECLUSION OF COVERAGE: THE TROCHA & PETERSON LAWSUITS COVERAGE I

59. IICNA reincorporates and realleges the allegations contained in the previous paragraphs as though fully realleged and re-set forth herein.

60. The Policy includes Personal and Advertising Injury Liability Coverage at Coverage I of the Policy.

61. The insuring agreement for Coverage I of the Policy is not triggered because the claims asserted in the Complaints do not qualify as "personal injury" or "advertising injury" as those terms are defined by the Policy.

62. Additionally, the claims against Dunbar in each of the Lawsuits do not qualify as a "suit" as required by the insuring agreement of the Policy's Coverage I because they were filed in the HRB.

63. To the extent that the insuring agreement for the Personal and Advertising Injury Liability Coverage is triggered, exclusions apply to preclude any duty on the part of IICNA to defend or indemnify Dunbar for the claims in the Lawsuits.

64. The exclusion for Knowing Violation of Rights of Another (Exclusion 1) of Coverage I, precludes coverage because, if true, Dunbar's alleged conduct would reasonably have been expected to have violated Schenderline, Peterson, and/or Trocha's rights.

65. Additionally, the Employment-Related Practices Exclusion, contained in an endorsement, also precludes coverage for the claims against Dunbar in the Lawsuits because of Schenderline, Peterson, and Trocha's respective status as employees and because the claims asserted in the Complaints arise out of that employment relationship. Additionally, the conduct asserted falls within the exclusionary language.

66. Further, the Policy requires that the alleged conduct have been committed during the Policy's policy period. To the extent there is coverage, IICNA only started insuring Dunbar on August 22, 2022 and IICNA therefore is not responsible for conduct that occurred prior to that date.

## COUNT I – REQUEST FOR DECLARATORY RELIEF

67. IICNA restates and realleges its allegations in the previous paragraphs as though fully set forth and reincorporated herein.

68. Currently, there is a dispute between IICNA and Dunbar regarding their respective rights and duties with respect to the insurance contract described above and IICNA's duty to defend and/or indemnify Dunbar for the claims asserted against her in the Lawsuits.

69. The foregoing disputes entitle IICNA to a declaration pursuant to 28 U.S.C. § 2201. These disputes include the following:

   a. Whether the Policy provides coverage for the claims asserted in the

Lawsuits;

    b. Whether IICNA has a duty to defend Dunbar;

    c. If IICNA is determined to have a duty to defend Dunbar in the Lawsuits, IICNA respectfully requests the Court identify which claims it is obligated to indemnify Dunbar for; and

    d. For such other issues as may arise in this action or the Lawsuits.

70. IICNA respectfully requests the Court to determine that it has no duty to defend or indemnify Dunbar in the Lawsuits.

### Prayer for Relief

WHEREFORE, IICNA requests the following relief:

(1) For a declaration that the IICNA Policy does not provide coverage for the claims asserted against Dunbar in the Lawsuits.

(2) In the event the Court determines there is no coverage under the IICNA Policy for the claims asserted in the Lawsuits, for a declaration that IICNA is not obligated to defend Dunbar in the Lawsuits.

(3) In the event the Court determines some of the claims are potentially covered by the Policy, for a declaration of which claims and damages IICNA is required to indemnify Dunbar for in the underlying Lawsuits.

(4) For an award of IICNA's attorney's fees and costs in this action.

(5) For such other declaratory relief as the Court deems just and equitable

under the circumstances.

DATED this 7th day of December, 2023.

                                             BERG LILLY, PC

                                             By /s/ Elizabeth W. Lund
                                                  ELIZABETH W. LUND
                                             *Attorneys for Indemnity Insurance*
                                             *Company of North America*